**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

JUL **2 0** 2021

TAMMY H. DOWNS, CLERK
By:_____
~~DEP CLERK~~

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CODY EVERETT and KATIE RODRIGUEZ**                                  **PLAINTIFFS**

v.                          Case No. 4:21-cv- **641 - KGB**

**CENTRAL ONE SERVICE, LLC;**
**JEREMY FAIRCHILD**                                                          **DEFENDANTS**

## ORIGINAL COMPLAINT

COMES NOW Cody Everett and Katie Rodriguez ("Plaintiffs") by and through their attorney Chris Burks of WH LAW, for their Complaint against Defendants Central One Service, LLC ("the Company") and Jeremy Fairchild ("Fairchild"), the owner of the Company, they do hereby state and allege as follows:

This case assigned to District Judge _Baker_
and to Magistrate Judge _Kearney_

### I. INTRODUCTION

1.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiffs overtime compensation for all hours that Plaintiffs worked in excess of forty (40) per workweek.

### II.   JURISDICTION AND VENUE

2.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Plaintiffs' claims under the AMWA forms part of the same case or controversy and

arise out of the same facts as the FLSA claims alleged in this complaint.

4.      This Court has supplemental jurisdiction over Plaintiffs' AMWA claim pursuant to 28 U.S.C. § 1367(a).

5.      Defendants conduct business within the State of Arkansas, with the Company's principal place of operation being in Cabot, Lonoke County.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

### III.   THE PARTIES

7.      Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

8.      Plaintiff Cody Everett is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

9.      Plaintiff Katie Rodriguez is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

10.     Plaintiff Cody Everett was hired by Defendants to work as an appliance repair technician trainee.

11.     Plaintiff Katie Rodriguez was hired by Defendants to work as an office manager.

12.     Plaintiffs worked for Defendants at times during the three years preceding the filing of this Complaint.

13.     At all times material hereto, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

14.     The Company is domestic Limited Liability Company.

15.     The Company's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16.     During each of the three years preceding the filing of this Complaint, Defendants employed at least four individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

17.     The Company's registered agent for service of process is James Fairchild, who's address is 35 Murray Drive, Cabot, AR 72023.

18.     The Company has all times relevant hereto employed four or more individuals.

19.     Defendant Fairchild is the owner of the Company and maintains day to day control over the operations of the Company.

20.     Defendants acted jointly as the employer of Plaintiffs and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

21.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

22.     As a result of this unified operation control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

23.     Defendants were Plaintiffs' employer within the meaning of the FLSA, 29

U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203.

## III. FACTUAL ALLEGATIONS

24.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

25.     Plaintiff Cody Everett worked for the Defendants from October 2020 to March 2021.

26.     During Plaintiff Cody Everett's employment, Plaintiff worked as an appliance repair technician trainee.

27.     Plaintiff Cody Everett worked approximately fifty (50) hours per week on a regular, typical basis while working for Defendants.

28.     For most weeks Defendants paid Plaintiff Cody Everett a salary of $400 ($10.00 per hour for a 40-hour work week), regardless of the number of hours Plaintiff actually worked.

29.     During this Plaintiff's employment, the Defendants paid Plaintiff a mix of salary and hourly wages, Plaintiff was never paid any overtime for hours worked over forty per week, and Plaintiff was not paid the Arkansas minimum wage, which increased to $11.00 per hour on January 1, 2021.

30.     Plaintiff Katie Rodriguez worked for the Defendants from November 2020 to May 2021.

31.     During Plaintiff Katie Rodriguez's employment, Plaintiff worked as the office manager.

32.     For most weeks Defendants paid Plaintiff Katie Rodriguez a salary of $650.00 a week, regardless of the number of hours Plaintiff actually worked.

33.     During this Plaintiff's employment, the Defendants paid Plaintiff a mix of salary and hourly wages, Plaintiff was never paid any overtime for hours worked over forty per week.

34.     Plaintiffs never agreed that this salary would be sufficient to cover all hours worked.

35.     Plaintiffs did not manage the enterprise or a customarily recognized subdivision of the enterprise.

36.     Plaintiffs did not exercise discretion and independent judgment with respect to any matters of significance.

37.     Plaintiffs did not provide any training for any employee nor did they direct the work of any employee.

38.     Plaintiffs did not select any employees for hire nor did Plaintiffs have any ability to fire an employee.

39.     Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

40.     In performing their services for Defendants, Plaintiffs were not required to utilize any professional education relevant to his job duties.

41.     Defendants did not pay Plaintiffs one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) per week.

42.     As a result of the policies put in place by Defendants, Plaintiffs were often required to perform their job duties for less than minimum wage.

43.     Plaintiffs were entitled to wages and compensation based on the standard minimum wage for all hours worked.

44.     Defendants knew, or showed reckless disregard for, whether the way they paid

Plaintiffs violated the FLSA and AMWA.

### IV. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

45.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

46.     Plaintiffs assert their claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47.     At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

48.     At all relevant times, Plaintiffs have been an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

49.     At all relevant time, Defendants were an "employer" of Plaintiffs as defined by 29 U.S.C. § 203(d).

50.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

52.     Despite Plaintiffs' entitlement to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

53.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

54.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## V. SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of AMWA)

55.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

56.     At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the AMWA.

57.     At all relevant times, Plaintiffs have been an "employee" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

58.     At all relevant times, Defendants were an "employer" of Plaintiffs as defined by Ark. Code Ann. § 11-4-203(4).

59.     Plaintiffs assert their claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

60.     At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

61.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an

employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

62.    Defendants classified Plaintiffs as exempt from the overtime requirements of the FLSA and the AMWA.

63.    Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiffs the Arkansas minimum wage, and failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

64.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

66.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Cody Everett and Katie Rodriguez respectfully request this Court grant the following relief:

a)    That each Defendant be summoned to appear and answer herein;

b)    That Defendants be required to account to Plaintiffs and the Court for all of the

hours worked by Plaintiffs and all monies paid to them;

c)   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

d)   A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

e)   Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiffs from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

f)   Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiffs from a period of three (3) years prior to the date of filing under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

g)   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiffs;

h)   Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations

i)   An order directing Defendants to pay Plaintiffs pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

j)   Such other and further relief as this Court may deem necessary, just and proper

Respectfully submitted,

**Cody Everett and Katie Rodriguez, Plaintiffs**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:     *Chris Burks*
        Chris Burks (ABN: 2010207)
        chris@wh.law
        Greg Ivester (ABN: 2007257)
        greg@wh.law